**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | |
| **VAUGHN NICHOLS** | : | No. 8-704-6 |

**MEMORANDUM**

PRATTER, J.                                                      FEBRUARY _11_, 2022

Courts impose sentences, but Congress sets the potential penalties. In 2018, Congress passed the First Step Act, which significantly reduced the maximum potential penalties and mandatory minimum sentences for certain drug crimes. In doing so, Congress chose not to make the new penalties retroactive. Despite this, defendants sentenced under the old penalties, like Vaughn Nichols, have sought compassionate release based on these new penalties. Though some courts have granted such requests, the Court of Appeals for the Third Circuit recently closed that door, holding that, as a matter of law, the fact of new penalties cannot count as an extraordinary and compelling reason for compassionate release. Thus, the Court must deny Mr. Nichols's motion.

**BACKGROUND**

In 2010, Vaughn Nichols was convicted of possession of cocaine with intent to distribute and of conspiracy to distribute five kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Because Mr. Nichols had a prior conviction on a felony drug offense, he faced a mandatory minimum of 20 years' incarcerations. He was sentenced to 20-years' imprisonment and 10-years' supervised release. He has served over half of that sentence; he is scheduled to be released on December 23, 2026.

In 2018, Congress passed the First Step Act. The Act lowered the mandatory minimums for certain federal drug convictions. The mandatory minimum for possession with intent to

distribute is 10 years. 21 U.S.C. § 841(b)(1)(A). Before the First Step Act, that mandatory minimum was increased to 20 years if the defendant had one prior conviction for a felony drug offense and life imprisonment if the defendant had two or more prior convictions. 21 U.S.C. § 841(b)(1)(A) (2010). Now, the mandatory minimum is 15 years for one prior conviction and 25 years for two. 21 U.S.C. § 841(b)(1)(A) (2018). The First Step Act also narrowed which prior convictions count for increasing the mandatory minimum. Before, the prior drug conviction simply had to be a felony "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44) (2009). Now, for the prior conviction to "count," the defendant must have actually spent more than a year in prison for it. 21 U.S.C. § 802(57) (2018). Congress did not legislate that these new penalties are retroactive. First Step Act of 2018 § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221. Thus, sentences imposed before Congress passed the First Step Act, like Mr. Nichols's, remain the same.

True, if Mr. Nichols had been convicted and sentenced today, his mandatory minimum would be 10 years. None of his prior drug convictions would count as a "serious drug felony" so as to trigger enhancements to the mandatory minimum. Based on his criminal history, his suggested sentence under the United States Sentencing Guidelines would be between 12 and 15 years, or 151 to 188 months. U.S.S.G. §§ 2D1.1(c)(5), 3C1.1, 4A1.1. So far, Mr. Nichols has served about 12 years, and has good-credit time for 18 months. Pointing to the disparity between what his sentence is and what it could be under the First Step Act, Mr. Nichols moves for compassionate release.

### LEGAL STANDARDS

For the most part, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In limited circumstances, a court can, however, reduce a sentence

for "extraordinary and compelling reasons." § 3582(c)(1)(A)(i). To count as extraordinary, the reason must be "[b]eyond what is usual, customary, regular, or common." *Extraordinary* (def. 1), *Black's Law Dictionary* (11th ed. 2019). To be compelling, the reason must be "irresistible," such that the court is "oblige[d]" or "force[d]" to reduce the sentence. *Compelling* (def. b.), in *Oxford English Dictionary* (2d ed. 1989); *Compel* (def. 1) in *id.* Examples of potential "extraordinary and compelling" reasons include terminal medical conditions, complications arising from old age, or difficult family circumstances. U.S.S.G. § 1B1.13 app. n. 1.[1] Once the prisoner has shown an extraordinary and compelling reason to warrant a sentence reduction, the Court must then consider the sentencing factors, set out in 18 U.S.C. § 3553, to decide if the sentence *should* be reduced, and by how much. 18 U.S.C. § 3582(c)(1)(A).[2]

### DISCUSSION

Pointing to the First Step Act's new penalties, Mr. Nichols asserts that these sentencing discrepancies are themselves an extraordinary and compelling reason for this Court to reduce his sentence. To be sure, if he were sentenced today rather than in 2010, his sentence might have been shorter. Yet Congress, in passing the First Step Act, chose not to make the new penalties retroactive, directing that the new penalties "shall apply only to a conviction entered on or after the date of enactment of this Act." First Step Act § 402(b). This Court cannot rewrite what Congress dictated.

---

[1] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

[2] The prisoner also must have "fully exhausted" his administrative remedies within the prison before applying to the court. 18 U.S.C. § 3582(c)(1)(A). Mr. Nichols has done so here.

Mr. Nichols insists that this provision does not shut the door. Though Congress decided not to apply the new penalties to *all* defendants sentenced before the Act, he reasons, Congress did not expressly forbid courts from applying the new penalties to *some* defendants, on a case-by-case basis, in compassionate release motions. Some Courts of Appeals, following similar reasoning, have treated the new penalties as an extraordinary and compelling reason for release. *See United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). But the Third Circuit, joining two other sister courts, has not. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *accord United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).

In *Andrews*, a defendant sought compassionate release based on the First Step Act's new penalties. Prior to the Act, a defendant who carried a firearm during a drug crime had 25 years automatically added to his sentence. 18 U.S.C. § 924(c) (2006). Now, that 25-year mandatory minimum kicks in only if the defendant already has a prior conviction for carrying a gun during a drug offense. 18 U.S.C. § 924(c)(1)(C)(i). Based on this change, Mr. Andrews sought compassionate release. Mr. Andrews had been sentenced under the 25-year mandatory minimum, when, if sentenced today, he would be subject to a 7-year mandatory minimum.

Despite this, the Third Circuit held, this statutory change did not count as extraordinary or compelling. 12 F.4th at 260–61. Mr. Andrews's sentence had been "lawfully imposed" based on the statutory penalties in place at the time, and "[t]here is nothing extraordinary about" a sentence based on "the exact penalties that Congress prescribed." *Id.* at 260–61 (internal quotation marks omitted). To the contrary, it is standard "to apply new penalties to defendants not yet sentenced" but not to "defendants already sentenced." *Id.* (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)). Applying the new penalties retroactively, after Congress decided not to, "would infringe

on Congress's authority to set penalties." *Id.* Thus, the Third Circuit decided, the First Step Act's new penalties could not count as an extraordinary and compelling circumstance for compassionate release. *Id.* at 261.

That holding settles Mr. Nichols's challenge here. Like in *Andrews*, Mr. Nichols seeks to benefit from the First Step Act's new penalties. But those "nonretroactive sentencing reductions are not extraordinary and compelling reasons" for this Court to reduce his sentence. *Id.*; *accord United States v. Sainsbury*, No. 7-cr-165-02, 2022 WL 179125, at *4 (E.D. Pa. Jan. 20, 2022); *United States v. Terry*, No. 92-cr-119, 2021 WL 4060463, at *3 (E.D. Pa. Sept. 7, 2021). Fighting this conclusion, Mr. Nichols notes that at least one defendant has petitioned the Supreme Court for review on this issue. Unless and until the Supreme Court rules otherwise, this Court is bound by the Third Circuit's decision in *Andrews*.

Mr. Nichols also points to other circumstances that he claims count as extraordinary or compelling. These circumstances, combined with the new penalties, he suggests, should warrant a reduced sentence. To be sure, if a prisoner can point to other extraordinary and compelling circumstances to justify a reduced sentence, the district court might *then* consider "the current sentencing landscape," including the First Step Act's new penalties, in settling on what exactly that reduced sentence might be. *Andrews*, 12 F.4th at 262; *accord Jarvis*, 999 F.3d at 445. Yet none of the circumstances that Mr. Nichols identifies are extraordinary or compelling, alone or in combination, to get him past this first hurdle.

To start, Mr. Nichols notes that, though he has six prior convictions, none were for a violent crime. Plus, he was just 25 at the time of his current conviction. But both of these factors were already considered in setting his original sentence. *See* 18 U.S.C. § 3553(a)(1). They cannot and do not serve as extraordinary and compelling reasons for *reconsidering* that sentence.

Mr. Nichols also asserts that he has been rehabilitated. He has worked as an electrician within the prison and, he represents, has a job offer upon his release. He also read books, attends religious services, and teaches other inmates about health and wellbeing. The Court absolutely commends Mr. Nichols for his diligence and self-improvement while in prison. But criminal sentences are imposed based not on the need for rehabilitation but for retribution for the crimes and deterrence of future crimes. *See* 18 U.S.C. § 3553(a)(2). Hence, rehabilitation alone is not an extraordinary and compelling reason for compassionate release. 28 U.S.C. § 994(t); *see United States v. Berry*, No. 96-cr-336-3, 2022 WL 159603, at *3 (E.D. Pa. Jan. 18, 2022) (though defendant had made significant "educational and rehabilitative efforts," those efforts were "outweighed by the seriousness ... of the crimes committed and the importance of promoting respect for the rule of law and deterring such criminal behavior in the future"). Besides, a good release plan, though helpful *upon* release, does not count as a compelling reason for the defendant to *be* released. *See Sainsbury*, 2022 WL 179125, at *7.

CONCLUSION

In this Circuit, the First Step Act's new penalties cannot count as an extraordinary and compelling reason for compassionate release. Because Mr. Nichol's personal circumstances are not otherwise extraordinary and compelling so as to warrant a sentence reduction, the Court denies his motion for compassionate release. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE