IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| VAUGHN NICHOLS | : | No. 8-704-6 |

## ORDER

**AND NOW**, this 17th day of February, 2022, upon consideration of Vaughn Nichols's Motion for Compassionate Release (Doc. No. 536), the Government's Response in Opposition (Doc. No. 539), the Government's Supplemental Response in Opposition (Doc. No. 541), Mr. Nichols's Reply in Support (Doc. No. 545), and Mr. Nichols's Request for Appointment of Counsel (Doc. No. 537), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. Mr. Nichol's Motion for Compassionate Release (Doc. No. 536) is **DENIED**.

2. Mr. Nichols's Request for Appointment of Counsel (Doc. No. 537) is **DENIED**.[1]

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] In aid of his motion for compassionate release, Mr. Nichols requests that the Court appoint him counsel. Though criminal defendants have a constitutional right to be appointed defense counsel at trial and on direct appeal, they do not have a right to counsel for "collateral criminal proceedings," including motions for compassionate release. *United States v. Dorsey*, 520 F. Supp. 3d 681, 683 (E.D. Pa. 2021). That said, courts do have discretion to appoint counsel if certain factors are met. *See Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993); *Dorsey*, 520 F. Supp. 3d at 684.

Mr. Nichols has shown himself more than capable of "present[ing] his ... case." *Tabron*, 6 F.3d at 156. In his motion, Mr. Nichols competently discussed the pertinent legal issues. And, given that he has identified plenty of case law on point, he has apparently had sufficient access to legal materials. Plus, Mr. Nichols has prior litigation experience, having filed several *pro se* motions in this case. Though the legal issue posed by the motion is somewhat difficult, his motion did not require "extensive discovery [or] compliance with complex discovery rules." *Id.* at 156. For these reasons, the Court will not appoint counsel here.